UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODERICK JACKSON,                          )
                    Plaintiff,             ) NO. 3:17-cv-01380 Sec.___
                                           )
vs.                                        )
                                           )
                                           )
EXCEL GROUP SERVICES, INC., APACHE         )
INDUSTRIAL SERVICES, INC. AND CF           )
INDUSTRIES, INC.                           )
                    Defendants,            )
                                           ) JURY TRIAL DEMANDED
*************************************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Now into Court,** through undersigned counsel, comes and appears Plaintiff,

Roderick Jackson, a person of the full age of majority maintaining and residing in the

State of Louisiana, Parish of Iberville, who upon information and belief respectfully

represents the facts and causes of action pled herein against Defendants:

1.

Made defendants herein are as follows:

i.      Excel Group Services, Inc., a domestic corporation that is licensed to do
        business in the State of Louisiana and who is domiciled and with its
        principal place of business in Baton Rouge, Louisiana;

ii.     Apache Industrial Services, Inc., a foreign corporation that is licensed to
        do business in the State of Louisiana and who is domiciled in
        Wilmington Delaware;

iii.    CF Industries, Inc., a foreign corporation that is licensed to do business in the State of Louisiana and who is domiciled in Wilmington Delaware.

2.

This is an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 200(e)-(2) and 2000(e)-(3)(a), as amended by the Civil Rights Act of 1991.    The jurisdiction of the Court is founded upon 28 U.S.C. 1343 and 42 U.S.C. 200(e)-5(f)(3), and the pendent jurisdiction of the Court.

3.

Plaintiff, **Roderick Jackson,** (hereinafter referred to as "Jackson" or "Plaintiff"), sues the Defendant, **Apache Industrial Services, Inc..,** (hereinafter referred to as Apache or Apache Defendant") and alleges this is an action arising under Title VII of the Civil Rights Act of 1964, 42    U.S.C. 200(e)-(2) and 2000(e)-(3)(a), as amended by the Civil Rights Act of 1991.  The jurisdiction of the Court is founded upon 28 U.S.C. 1343 and 42    U.S.C. 200(e)-5(f) (3), and the pendent jurisdiction of the Court.

4.

Plaintiff, **Roderick Jackson,** (hereinafter referred to as "Jackson" or "Plaintiff"), sues the Defendant, **Excel Group Services, Inc.,** (hereinafter referred to as Excel or Defendant Excel") and alleges this is an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 200(e)-(2) and 2000(e)-(3)(a), as amended by the Civil Rights Act of 1991.  The jurisdiction of the Court is founded upon 28 U.S.C. 1343 and 42 U.S.C. 200(e)-5(f) (3), and the pendent jurisdiction of the Court.   Plaintiff further alleges that Defendant Excel's actions of promoting and/or protecting the racist activities of its

employees led to his denial of certain said rights afforded under 42 U.S.C. 1981 in that he was denied the right to make and/or enforce contracts for employment with his employer Apache.

5.

Plaintiff, **Roderick Jackson,** (hereinafter referred to as "Jackson" or "Plaintiff"), sues the Defendant, **CF Industries, Inc..,** (hereinafter referred to as CF or CF Defendant") and alleges this is an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 200(e)-(2) and 2000(e)-(3)(a), as amended by the Civil Rights Act of 1991. The jurisdiction of the Court is founded upon 28 U.S.C. 1343 and 42 U.S.C. 200(e)-5(f) (3), and the pendent jurisdiction of the Court.

6.

Plaintiff, Jackson, is a resident of Iberville Parish, Louisiana. Plaintiff was employed by Defendant Apache at Defendant CF's business location in Iberville Parish, Louisiana.

7.

Plaintiff began working for Defendant Apache on or about June, 2015. He was temporarily dismissed from their employment and was rehired some time thereafter until he was terminated and/or forced to leave by March of 2016.

8.

Plaintiff asserts that he was also the statutory employee of Defendant CF during that time period he was employed with Defendant Apache. Plaintiff asserts that Defendant CF contracted with Defendant Apache to perform certain work that was an essential function of its business. As such, Plaintiff, an employee of Defendant Apache, was the statutory employee of Defendant CF.

9.

At the time of Plaintiff's termination, he was employed by defendant Apache as a scaffold builder at Defendant CF's worksite located at 39018 Highway 3089; Donaldsonville, Louisiana.

10.

While an employee of Defendant Apache and statutory employee of Defendant CF, Plaintiff alleges he was discriminated against due to his race in violation of aforementioned statutes.

11.

Plaintiff asserts during the entire time of his employment for Defendant Apache while at the worksite of Defendant CF, a hostile work environment existed directed toward him and employees of color as the result of the named Defendant Companies' failure to correct blatant racial harassment by its employees.

12.

While employed at the worksite of Defendant CF, Plaintiff often found derogatory statements located in the temporary bathroom facilities stating the following:

    i.    Hang a nigger. Save the world.

    ii.    I Hate Black People

iii.    Why Niggers so stupid

13.

Several complaints were made by employees, but no action was taken to stop the postings of the derogatory remarks in the temporary bathrooms and other areas commonly used by all employees.

14.

As a scaffold builder, plaintiff and other employees of color were often given the worst and most hazardous job assignment while receiving less pay than their white male counterparts doing the same type of work.

15.

On or around July 18, 2015, a note was left on Plaintiff's vehicle referring to him as a nigger. Plaintiff reported the incident to security for Defendant CF who in turn gave a copy of the note to a general foreman for Defendant CF. The general foreman informed Plaintiff that the note was the result of him parking in the wrong spot and he should not park in the area in question anymore. The note referring to Plaintiff as a nigger was found shortly after he ran off the road resulting from a tire that was deflated for some unknown reason.

16.

The harsh and derogatory treatment continued against Plaintiff and other employees of color. Plaintiff's employer referred herein as Defendant Apache and an additional contracting company referred to herein as Defendant Excel at the worksite of Defendant CF were fully aware of the treatment directed toward employees of color. Defendant CF as the owner of the worksite who contracted with both Defendant Apache

and Defendant Excel was also fully aware of the improper treatment of individuals of color and took no action to correct the illegal behavior of the offending employees and supervisory staff.

17.

The actions of the administrative staff of Defendant Excel and Defendant Apache indirectly encouraged the inappropriate behavior of the offending individuals. In February of 2016, Plaintiff was pushed by an Excel Employee who shouted "get out the fucking way". Plaintiff filed a report regarding the incident to an Excel Supervisor, and later he was informed by his employer Apache that Defendant Excel wanted him to drop his complaint. Plaintiff was told that if he did not drop the issue, "he could hit the gate". Plaintiff interpreted the comment to mean he would possibly be fired unless he dropped his complaint. Plaintiff refused to drop his complaint. After no additional communication with his supervisor or job assignment during the month of February, by the beginning of March 2016, Plaintiff assumed he was terminated.

18.

Plaintiff asserted to supervisory personnel of both Excel and Apache that he believed the employee's action of pushing and cursing him was racially motivated. The actions of Excel and Apache to attempt to force Plaintiff to dismiss his complaint against a white male employee were retaliatory in nature.

19.

At all times pertinent, the supervisors involved were in fact acting in a supervisory role over plaintiff, and as such, Defendants are herein responsible for their

said actions. As Defendants' supervisor's employer, Defendants are responsible for their retaliatory actions which led to an unfavorable employment action against plaintiff.

20.

At all times material to this action, provisions of Title VII of the Civil Rights Act, as amended, have been in full force and effect that prohibit discriminatory and retaliatory employment practices of which Plaintiff complained of.

21.

Plaintiff complained to various supervisors of all Defendants that he was being racially discriminated against. Accordingly, Plaintiff engaged in protected opposition and initiated a complaint against unlawful and inappropriate behavior that was protected from retaliation under the applicable civil rights statutes. Instead of addressing his complaints, the Defendant supported the offending individuals, and eventually fired or forced Plaintiff to leave his employment.

22.

Because of Plaintiff's protected opposition to the behavior of Defendant and its employees, he was subjected to retaliatory employment actions in the form of discipline and termination.

23.

Plaintiff was terminated by Defendant in retaliation for his complaint of racial bias and a hostile work environment that was alleged to have created racial discrimination occurring in the work place. As a result of the unlawful employment practice complained of above, Plaintiff has been deprived of equal employment

opportunity, has suffered emotional pain and suffering, inconveniences, mental anguish and loss of enjoyment of life

24.

Plaintiff filed an EEOC charge of racial discrimination, wage discrimination and retaliation based upon his complaint of racial discrimination, and further received a right to sue letter for each defendant dated July 20, 2017 with a postage meter stamp for the same day; however, an additional stamp shows the letter was mailed on July 21, 2017 from New Orleans, Louisiana. The dismissal and notice of rights was received by undersigned counsel on July 24, 2017.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, for including but not limited to lost wages, benefits and other compensation in the past and future, and prejudgment interest on the outstanding obligation, front pay and/or reinstatement, together with compensatory and punitive damages, attorney's fees and costs as such relief as may be appropriate under Title VII of the civil Rights Act of 1964, as amended by C.R.A. of 1991 and/ or any other statute or cause of action pled herein.

Respectfully submitted,

Dated: October 24, 2017

By: _____

Victor J. Woods, Jr.
Bar Roll # 21955
3834 New Prosperity Lane
Suite A
Addis, LA 70710
Telephone: (225) 749-8698
Facsimile: (225) 749-8396
Attorney for Plaintiff